IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                              ORDER

      v.                                              08-CR-189-C-01

JOSE NOE GUARDADO,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the revocation of Jose Noe Guardado's supervised release was held in this case on January 30, 2009, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Peter Jarosz. Defendant was present in person and by counsel, Michael W. Lieberman. Also present were United States Probation Officers Renee G. Lushaj and Michael Harper.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Southern District of Texas on October 29, 2003, following his conviction of being an alien unlawfully found in the United States after deportation, having previously been convicted of an aggravated felony, in violation of 8

U.S.C. § 1326(a)(b), (Southern District of Texas Case No. 1:03CR00437-001). This is a Class C felony. Defendant was committed to the Bureau of Prisons to serve a term of imprisonment of 63 months, with a 36-month term of supervised release to follow.

Defendant began his term of supervised release on November 23, 2007. In November 2008, he violated the mandatory condition of supervised release prohibiting him from committing another federal, state or local crime and the special condition prohibiting him from re-entering the United States illegally. On November 6, 2008, ICE agents arrested defendant in La Crosse County, Wisconsin, and on December 4, 2008, he entered a plea of guilty to illegal re-entry after deportation in case no. 08-cr-181-bbc. On December 12, 2008, jurisdiction of defendant's case was transferred to the Western District of Wisconsin.

Defendant's conduct falls into the category of a Grade B violation. Section 7B1.3(a)(1) of the advisory guidelines provides that the court shall revoke supervision upon a finding of a Grade B violation. Section 7B1.3(f), of the advisory guidelines provides that any term of imprisonment imposed upon the revocation of supervised release shall run consecutively to any other sentence of imprisonment.

## CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 36-month term of supervised release imposed on defendant on October 29, 2003, will be revoked.

Defendant's criminal history category was V.  With a Grade B violation and a criminal history category of V, defendant has an advisory guideline term of imprisonment of 18 to 24 months.  The statutory maximum to which he can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which he was sentenced was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the bottom of the guideline range.  The intent of this sentence is to hold the offender accountable for his violations.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on October 29, 2003, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 18 months.  No term of supervised release is ordered to follow imprisonment.  This sentence is to run consecutively to the sentence imposed on defendant in this court in case no. 08-cr-181-bbc.

3

Defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Entered this 30th day of January, 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
U.S. District Judge